United States District Court
for the
Southern District of Florida

Kelley Reese, Plaintiff,          )
                                      )

v.                              )   Civil Action No. 20-20475-Civ-Scola
                                      )

Carnival Corporation, Defendant.   )

## Order Striking Complaint

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries allegedly sustained by Plaintiff Kelley Reese when she slipped and fell while a passenger aboard a ship operated by Defendant Carnival Corporation (Am. Compl., ECF No. 1.) In her complaint, Reese asserts four counts of negligence, two against Carnival as the owner of the ship and two against Carnival, alternatively, as the non-owning operator of the ship. For each pair of claims, one count alleges Carnival owed Reese the duty of reasonable care and one alleges Carnival owed Reese the highest duty of care. Within each of the four negligence counts, Reese alleges at least fifteen ways by which Carnival breached its duty of care to Reese. Many of these "breaches" raise distinct theories of liability, some of which do not appear to be based on duties that are even recognized as even being owed. (*E.g.*, Compl. at ¶ 111.f. ("Failing to change the floor coverings to something that were [sic] more slip resistant").) Others still are redundant. (*Compare, e.g.*, *id.* at ¶ 111.a. ("Allowing a slipping hazard to be on the floors where it injured Plaintiff.") *with id.* at ¶111.c. ("Failing to maintain properly the areas where Plaintiff slipped and fell.")).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). The complaint here is this type of shotgun pleading.

Within each "negligence" count, Reese attempts to cram multiple, distinct theories of liability into one claim. (Compl. at ¶¶ 111, 125, 137, 151.) Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations.[1] *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that the defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which [the d]efendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases).

Furthermore, Reese's complaint contains eight pages of legal argument which the Court finds improperly incorporated into this pleading. *Cooper v. Bd.*

---

[1] For example, the facts supporting Reese's claim based on Carnival's failure to warn will most certainly be distinct from Reese's claim based on Carnival's failure to train its crew.

*of Regents of the U. of Georgia*, 116CV01177TWTJFK, 2017 WL 1370769, at *1 (N.D. Ga. Feb. 22, 2017), *report and recommendation adopted sub nom. Cooper v. Georgia Gwinnett College*, 1:16-CV-1177-TWT, 2017 WL 1354819 (N.D. Ga. Apr. 13, 2017) ("[L]egal arguments and contentions are not properly part of a complaint and will not be included in the statement of facts.") (citing *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) for the proposition that "paragraphs of legal argument, quotations, and citations . . . have no place in a complaint."). If Carnival raises these legal issues in a motion to dismiss or motion for summary judgment, Reese can address them then.

Accordingly, the Court **strikes** the complaint, (**ECF No. 1**), as a shotgun pleading. Reese may file an amended complaint by **February 13, 2020**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Furthermore, Reese is admonished not to include redundant claims or counts in her amended pleading.

Reese is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on February 5, 2020.

_____
Robert N. Scola, Jr.
United States District Judge