United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kelley Reese, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-20475-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

### Order Granting the Defendant's Motion to Dismiss

Now before the Court is the Defendant Carnival Corporation's motion to dismiss. For the reasons set forth below, the Court **grants** the Defendant's motion (**ECF No. 10**).

The Plaintiff Kelley Reese brings this negligence suit against Carnival for injuries that she incurred when she slipped and fell on a slippery marble floor. (Am. Compl. ECF No. 6 at ¶¶ 30-31.) Reese was a paying passenger on one of Carnival's cruise ships during the time of the accident (*Id.* at ¶ 8.) In each of Reese's twenty negligence counts, she states that she "pleads a higher duty in this Count on a good faith basis to seek a correction in the law applicable to common carriers like the Defendant to their paying passengers and to fully exert her legal rights at issue in this case." (*Id.* at ¶¶ 56, 69, 82, 95, 108, 119, 133, 147, 161, 175, 187, 199, 211, 223, 235, 245, 258, 271, 284, 297). Carnival moves to dismiss the complaint because Reese seeks to use the incorrect standard of care in her negligence counts. The Court agrees.

Reese argues that courts in this district and the Eleventh Circuit have misapplied *Kermarec v. Compagnie General Transatlantique*, a case in which the Supreme Court held that "the owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each case." 358 U.S. 625, 632 (1959). Reese argues—despite binding Eleventh Circuit precedent to the contrary—that this holding was not meant to apply to paying passengers because *Kermarec* does not explicitly consider and overrule precedent that holds that common carriers owe their passengers "the highest degree of careful and diligence." *Liverpool & G.W. Steam Co v. Phenix Ins. Co.*, 129 U.S. 397, 440 (1889).

The Eleventh Circuit has already considered and rejected Reese's argument in a published opinion, and the Eleventh Circuit has repeatedly reiterated that a shipowner owes a duty of reasonable care to its passengers. In *Keefe*, the Eleventh Circuit notes that "*Kermarec* left open the question whether the shipowner's duty of reasonable care in all the circumstances—instead of a

more exacting standard—would be applicable in passenger cases as well." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989). The Eleventh Circuit then answered this question by holding that the reasonable care standard applied to Keefe, a paying passenger who slipped and fell on a slippery dance floor. *Id.* at 1322 ("we hold that the benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances."). Since 1989, this holding has been applied in many other binding Eleventh Circuit opinions. *See, e.g., Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (holding that a shipowner owes the duty of exercising reasonable care to passengers); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) (reversing and remanding for new trial because of a jury instruction that did not comply with the reasonable care standard set out in *Keefe*). As recently as last week, the Eleventh Circuit has held that "a cruise line like Carnival owes its passengers a duty of reasonable care under the circumstances." *Carroll v. Carnival Corp.*, -- F.3d –-, 2020 WL 1870431, *2 (11th Cir. Apr. 15, 2020).

Moreover, this Court's prior opinions are consistent with the reasonable care standard set out in *Keefe. See, e.g., Jackson v. Carnival Corp.*, 2018 WL 1468665, *2 (S.D. Fla. March 23, 2018) (Scola, J.) (citing *Keefe* for the proposition that a ship owner owes a duty of reasonable care to passengers); *Ward v. Carnival Corp.*, 2019 WL 342027, *5 (S.D. Fla. Jan. 28, 2019) (Scola, J.) ("Under maritime law, the owner of a ship in navigable waters owes passengers a duty of reasonable care under the circumstances") (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015)).

In sum, the Court declines to depart from years binding precedent and **grants** Carnival's motion to dismiss (**ECF No. 10**). The Plaintiff must file a second amended complaint, consistent with this opinion, by **May 5, 2020**.

**Done and ordered**, in chambers at Miami, Florida, on April 21, 2020.

Robert N. Scola, Jr.
United States District Judge