United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kelley Reese, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-20475-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

**Order Denying Motion for Interlocutory Appeal**

Plaintiff Kelley Reese seeks to recover damages from Defendant Carnival Corporation for injuries she suffered when she slipped and fell on what she describes as a slippery marble floor while a passenger aboard one of Carnival's ships. (Am. Compl., ECF No. 6.) The Court granted Carnival's motion to dismiss, agreeing with Carnival that half of Reese's claims improperly attempted to impose the highest degree of care for passenger safety. (Order, ECF No. 21.) Based on its conclusion, the Court ordered Reese to file a second amended complaint consistent with the Court's opinion regarding the proper standard of care. (*Id.* at 2.) Rather than timely do so, Reese instead seeks an order certifying the Court's decision for an interlocutory appeal. (Pl.'s Mot., ECF No. 24.) Carnival opposes Reese's request, pointing out Reese's motion does not satisfy the criteria that would warrant certification for an immediate appeal. (Def.'s Resp., ECF No. 26.) Thereafter, Reese timely replied. (Pl.'s Reply, ECF No. 27.) After review, the Court agrees with Carnival and **denies** Reese's motion for an interlocutory appeal (**ECF No. 24**.)

A district court may permit an appeal of an interlocutory order, when it has decided an issue that presents (1) a controlling question of law, (2) with respect to which there is substantial ground for difference of opinion, and (3) the resolution of which would materially advance the ultimate termination of litigation. 28 U.S.C. 1292(b); *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004). "Ultimately," however, "there is a strong presumption against interlocutory appeals, and both the district and circuit courts are afforded substantial discretion in certifying (or not certifying) issues for this reason." *Schultz v. Royal Caribbean Cruises, Ltd.*, 18-24023-CIV, 2020 WL 4905434, at *2 (S.D. Fla. July 22, 2020) (Torres, Mag. J.) (cleaned up)[1] (citing

---

[1] The Court uses (cleaned up) to indicate internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g.*, *Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

*OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008)).

At a minimum, the Court finds Reese seeks interlocutory review of an issue—the standard of care that should be applied in a cruise-passenger personal-injury case—that does not present a substantial ground for a difference of opinion. "[W]here the appellate court is in 'complete and unequivocal' agreement with the district court, a 'substantial ground for difference of opinion' does not exist." *Schultz*, 2020 WL 4905434, at *1 (quoting *McFarlin*, 381 F.3d at 1258). Since announcing the "benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances," in *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989), the Eleventh Circuit has not wavered. *See, e.g., Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Keefe* with emphasis: "the benchmark against which a shipowner's behavior must be measured is *ordinary reasonable care under the circumstances*). The Eleventh Circuit has unhesitatingly reaffirmed this as recently as four months ago, when it set forth the applicable standard, once again, without any ambiguity: "With respect to the duty element, *a cruise line like Carnival owes its passengers a duty of reasonable care under the circumstances.*" *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1264 (11th Cir. 2020) (cleaned up) (emphasis added).

In light of the Eleventh Circuit's unambiguous position, combined with its inclination to disfavor interlocutory appeals "given the accepted 'general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated,'" the Court has no difficulty determining that certification in this case would be inappropriate. *Schultz*, 2020 WL 4905434, at *2 (quoting *Wajnstat v. Oceania Cruises, Inc.*, 684 F.3d 1153, 1157 (11th Cir. 2012). Accordingly, the Court **denies** Reese's motion for certification (**ECF No. 24**) and orders her to file, beyond the amendment deadline, her second amended complaint on or before **September 8, 2020**.

**Done and ordered**, in chambers at Miami, Florida, on September 3, 2020.

_____
Robert N. Scola, Jr.
United States District Judge