United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kelley Reese, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-20475-Civ-Scola |
| | ) |
| Carnival Corporation, Defendant. | ) |

### Second Order Striking Complaint and Order to Show Cause

This matter is before the Court upon an independent review of the record. This maritime tort action arises from injuries Plaintiff Kelley Reese says she sustained when she slipped and fell while a passenger aboard Defendant Carnival Corporation's vessel *Dream*. (2nd Am. Compl., ECF No. 35.) The Court struck Reese's initial complaint as a shotgun pleading. (Order Striking Compl., ECF No. 3.) Thereafter Reese filed an amended complaint which ballooned from twenty-two pages and four counts (Compl., ECF No. 1) to forty-one pages and twenty counts (ECF No. 6). Thereafter, the Court granted Carnival's motion to dismiss the amended complaint, agreeing with Carnival that Reese sought to apply the incorrect standard of care in a number of her counts. (Order Granting Mot. to Dismiss, ECF No. 21.) In that order, the Court ordered Reese to file a second amended complaint, consistent with the Court's order. (*Id.* at 2.) Reese has now filed her second amended complaint. (ECF No. 35.) This latest version of the complaint, however, once again, like her initial complaint, is a shotgun complaint: (1) it crams multiple, distinct theories of liability into one claim; (2) it asserts the same "breaches" that the Court previously identified as "not appear[ing] to be based on duties that are even recognized as even being owed"; and (3) it presents the same duplicative "breaches" that the Court previously identified as redundant. (Order Striking Compl. at 1–2.)

The Court was surprised to find itself having to explain these basic principles to counsel in the first instance. That the Court's admonishments were completely disregarded by counsel thereafter, in the filing of Reese's second amended complaint, is shocking. The Court pointedly alerted Reese to her complaint's shortcoming and clearly warned her that her "failure to comply with th[e Court's] order may result in the dismissal of [her] case with prejudice or other appropriate sanctions." (*Id.* at 3.) The Court therefore orders Reese and her counsel to **show cause** on or before **September 14, 2020**, why this case should not be dismissed with prejudice and why the Court should not impose monetary sanctions for their failure to comply with the Court's order.

In the meantime, for the reasons identified above and more fully explained in the Court's order striking her initial complaint, the Court **strikes** Reese's second amended complaint (**ECF No. 35**).

**Done and ordered**, in Miami, Florida on September 9, 2020.

Robert N. Scola, Jr.
United States District Judge